In the
**UNITED STATES DISTRICT COURT**
for the **SOUTHERN DISTRICT OF INDIANA,**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **HOWARD L. OLDEN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs*. | ) CAUSE NO. 1:09-cv-575-SEB-TAB |
| | ) |
| **MICHAEL J. ASTRUE**, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

# **E N T R Y**

Plaintiff Howard Olden brings this action to obtain judicial review of Defendant Commissioner of Social Security's decision denying his application for disability benefits under the Social Security Act. For the reasons set forth herein, the Commissioner's decision is affirmed.

Judicial review of the Commissioner's factual findings is deferential: courts must affirm if his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). Substantial evidence is more than a scintilla, but less than a preponderance, of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). If the evidence is sufficient for a reasonable person to conclude that it adequately supports the Commissioner's decision, then it is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Carradine v. Barnhart*, 360 F.3d 751, 758 (7th Cir. 2004). This limited

scope of judicial review follows the principle that Congress has designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). *Carradine*, 360 F.3d at 758. While review of the Commissioner's factual findings is deferential, review of his legal conclusions is *de novo*. *Richardson*, *supra*.

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months". 42 U.S.C. §§ 416(I) and 423(d)(1)(A). A person will be determined to be disabled only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The combined effect of all of an applicant's impairments shall be considered throughout the disability determination process. 42 USC § 423(d)(2)(B).

The Social Security Administration ("SSA") has implemented these statutory standards in part by prescribing a "five-step sequential evaluation process" for determining disability. 20 C.F.R. § 404.1520. If disability status can be determined at any step in the sequence, an application will not be reviewed further. *Id.* At the first step, if the applicant is currently

engaged in substantial gainful activity, then he is not disabled. At the second step, if the applicant's impairments are not severe, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Third, if the applicant's impairments, either singly or in combination, meet or equal the criteria of any of the conditions included in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, then the applicant is deemed disabled. The Listing of Impairments are medical conditions defined by criteria that the SSA has pre-determined are disabling. 20 C.F.R. § 404.1525. If the applicant's impairments do not satisfy a Listing, then his residual functional capacity ("RFC") will be determined for the purposes of the next two steps. RFC is an applicant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the applicant has the RFC to perform his past relevant work, then he is not disabled. Fifth, considering the applicant's age, work experience, and education (which are not considered at step four), and his RFC, he will not be determined to be disabled if he can perform any other work in the relevant economy.

The burden rests on the applicant to establish steps one through four. The burden then shifts to the Commissioner at step five to establish that there are jobs that the applicant can perform in the national economy. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). If an applicant has only exertional limitations, the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 (the "grids"), may be used at step five to arrive at a disability determination. The grids are tables that correlate an applicant's age, work experience, education, and RFC with predetermined findings of disabled or not-disabled. 20 C.F.R. §§ 404.1569 and

3

1569a.  If an applicant has non-exertional limitations or exertional limitations that restrict the full range of employment opportunities at his RFC level, then the grids may not be used and a vocational expert must testify regarding the numbers of jobs existing in the economy for a person with the applicant's particular vocational and medical characteristics.  *Id.*; *Lee v. Sullivan*, 988 F.2d 789, 793 (7th Cir. 1993).  The grids result, however, may still be used as an advisory guideline in such cases.  20 C.F.R. § 404.1569.

An application for benefits, together with any evidence submitted by the applicant and obtained by the agency, undergoes initial review by a state-agency disability examiner and a physician or other medical specialist.  If the application is denied, the applicant may request reconsideration review, which is conducted by different disability and medical experts.  If denied again, the applicant may request a hearing before an administrative law judge ("ALJ").[1]  An applicant who is dissatisfied with the decision of the ALJ may request the national Appeals Council to review the decision.  If the Appeals Council either declines to review or affirms the decision, then the applicant may file an action in district court for judicial review.  42 U.S.C. § 405(g).  If the Appeals Council declines to review a decision, then the decision of the ALJ becomes the final decision of the Commissioner for judicial review.

Mr. Olden applied for benefits under the Disability Insurance Benefits program of the

---

[1] Initial and reconsideration reviews in Indiana are performed by an agency of the state government — the Disability Determination Bureau, a division of the Indiana Family and Social Services Administration — under arrangement with the Social Security Administration.  20 C.F.R. Part 404, Subpart Q (§ 404.1601 *et seq.*).  Hearings before ALJs and subsequent proceedings are conducted by personnel of the federal SSA.

Social Security Act[2] in February 2004, alleging an onset-of-disability date of January 2004. His claims were denied on initial and reconsideration reviews and he received a hearing before an ALJ in June 2005. The ALJ denied his application but the Appeals Council granted Mr. Olden's request for review, vacated the ALJ's decision, and remanded for reconsideration with instructions. A different ALJ held a new hearing in April 2008 at which Dr. Mark O. Farber testified as an impartial medical expert and Robert Barber testified as an impartial vocational expert. Mr. Olden was represented by counsel at the hearing. The second ALJ also denied Mr. Olden's application in September 2008. The Appeals Council denied his request for review, making the second ALJ's decision the final decision of the Commissioner which we review.

At step one of the sequential evaluation process, the ALJ found that Mr. Olden had not engaged in substantial gainful activity since his alleged onset day and the date he was last insured for DIB benefits, June 30, 2006. At step two, the ALJ found that Mr. Olden had the severe impairments of low back pain and chronic obstructive pulmonary disease ("COPD"). The ALJ found that Mr. Olden's other impairments of diabetes mellitus, depression, hypertension, and hyperlipidemia were well controlled with medications and presented no problems with his ability to function; therefore, they were not severe. At step three, the ALJ found that Mr. Olden did not have impairments that, individually or in combination, met or medically equaled any of the conditions in the Listing of Impairments. He evaluated Listings 1.04 (disorders of the spine)

---

[2] Two programs of disability benefits are available under the Social Security Act: Disability Insurance Benefits ("DIB") for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423, *et seq.*, and Supplemental Security Income benefits ("SSI") for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381, *et seq.*

and 3.02 (chronic pulmonary insufficiency).  For steps four and five, the ALJ determined the Mr. Olden had the RFC to sit 6 of 8 hours and stand/walk 6 or 8 hours in a workday and lift and carry 10 pounds frequently and 20 pounds occasionally.  The ALJ also restricted Mr. Olden to work that requires no climbing of ladders and has no exposure to respiratory irritants, temperature extremes, dust, fumes, or gases.  At step four, the ALJ found that Mr. Olden's past relevant work as a general office clerk did not require activities that were precluded by his RFC; therefore, Mr. Olden could perform his past relevant work.  The ALJ also proceeded to consider step five.  Considering Mr. Olden's age (52 on his alleged onset date, a "person closely approached advanced age"), his education (at least a high school education), transferability of skills (irrelevant at the particular Grid level), and his RFC, and relying on the Grid as a guideline and the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Mr. Olden could perform.  Mr. Olden asserts several errors in the ALJ's decision.

**Department of Veterans Affairs determination.**  Mr. Olden argues that the ALJ failed to consider a March 2004 determination of the Department of Veterans Affairs ("VA") that he was unemployable.  (R. 129).  Mr. Olden describes this document as a VA determination that he is disabled and cites the requirement of 20 CFR §§ 404.2504 and 416.904 and Social Security Ruling 06-03p that ALJs consider the disability determinations of other governmental and nongovernmental agencies.  He contends that the ALJ made no mention of his "award of VA disability and unemployability status . . . ."  (Plaintiff's Brief at 7).  The Commissioner responds that the ALJ committed only harmless error.  We conclude that it was not error for the ALJ not to address Mr. Olden's VA disability status.

6

The only evidence that Mr. Olden cites to show his VA-determined disability is the March 23, 2004 Feasibility Determination. (R. 129, dkt. 18-1). But that document is not a determination of disability; it determines only that, due in part to Mr. Olden's lack of cooperation and misconduct, it is not feasible to expect that he will benefit from VA rehabilitation services. The document tangentially refers to Mr. Olden having a service-connected disability that contributes to an impairment of his employability and having a serious employment handicap, (R. 129, dkt. 18-1 at p. 2), but it provides no details or explanation of the nature or extent of his disability or his functional capacity or limitations. As such, it was not material to the ALJ's disability determination and it was not error for him to not address it.

**Credibility determination.** Mr. Olden argues that the ALJ erred by not considering the following factors that Social Security regulations require to be addressed in making credibility determinations: (1) location, duration, frequency, and intensity of his alleged pain or other symptoms; (2) factors that precipitate and aggravate symptoms; (3) type, dosage, effectiveness, and side effects of any medications taken to alleviate symptoms; (4) treatment, other than medication, that a claimant received for relief of symptoms; (5) other measures, other than treatment, that a claimant used to relieve symptoms; (6) any other factors concerning a claimant's functional limitations and restrictions that are caused by symptoms. SSR 96-7p. Mr. Olden concedes that the ALJ "briefly summarized his complaints and medical interventions" and found that his pain was effectively addressed with medications, but argues that more is required. However, except for the one item discussed below, Mr. Olden neither describes nor cites any evidence in the Record showing material side effects of his medications, factors precipitating or aggravating his pain, or non-medicinal treatments or non-treatment methods that he employed to

relieve symptoms, or any material significance to the dosages of his medications. An ALJ is not required to address every piece of evidence and it is certainly not reversible error if an ALJ fails to address irrelevant or clearly immaterial evidence. We will not undertake what was Mr. Olden's task to search through the Record for evidence that is relevant and material to these credibility factors that the ALJ failed to address and we will not reverse and remand for the Commissioner to undertake such a task without good cause shown.

Mr. Olden cites only one specific piece of credibility-related evidence that he contends the ALJ failed to address. He asserts that he was prescribed a cane to assist in ambulation but that, while the ALJ acknowledged that he claimed to need a cane, the ALJ failed to evaluate how the need to use this symptom-relieving means reflects on Mr. Olden's credibility and the ALJ failed to address how Mr. Olden could be expected to stand or walk for 6 out of 8 hours while requiring a cane to ambulate. However, the ALJ did specifically note in his decision that Dr. Farber, the testifying medical expert, found that there was no evidence to support Mr. Olden's alleged need for a cane. (R. 22). Thus, the ALJ did address Mr. Olden's use of cane. Dr. Farber's medical opinion, together with the other evidence cited by the ALJ showing the absence of significant functional limitations caused by his alleged symptoms, adequately supports the ALJ's finding that Mr. Olden was not entirely credible in describing the extent of his symptoms.

**Mischaracterizations and blatant errors.** Mr. Olden argues that the ALJ committed two additional errors. First, the ALJ improperly used his employment as a telemarketer as his past relevant work at step four when, in fact, he performed that job for, at most, two months. Mr. Olden argues that this is too brief a time to qualify under SSR 82-62 as past relevant work.

8

However, as the Commissioner correctly points out, the ALJ used Mr. Olden's previous job as a general office worker for his step-four analysis, not his telemarketing work.

Next, Mr. Olden argues that the ALJ made a mistake describing his education level in articulating his step-five determination. The Commissioner concedes that the ALJ incorrectly wrote that Mr. Olden had at least a high-school education, (R. 23, Finding no. 8), when, in fact, he left school after the ninth grade. However, the ALJ's step-five analysis was superfluous because he had already determinated at step four that Mr. Olden could perform his past relevant work and, for that determination, the ALJ relied on the testimony of the vocational expert that a person with Mr. Olden's vocational characteristics, including a ninth-grade education, could perform his past relevant work as a general office worker. (R. 997-98).

**Conclusion**

Mr. Ogden has not shown that the Commissioner's decision is not supported by substantial evidence or legally erroneous. Therefore, the Commissioner's decision is AFFIRMED.

**SO ORDERED.**

Date: 09/28/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper

9

UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov